NEW-YORK,
Nov. 1810.

SHOTWELL
v
FEW

SHOTWELL <em>against</em> FEW.

Where the goods of *A.*, in the custody of the agent of the state-prison, were refused to be delivered on the demand of *A.*, by the direction and command of *B.*, one of the inspectors, it was held that *B.* was liable to an action of *trover* for the. goods so detained by his authority.

THIS was an action of *trover*, for machinery, tools, wrought and unwrought materials, belonging to the plaintiff, a blockmaker.

The cause was tried at the *New-York Sittings*, the 11th of *December*, 1809, before Mr. Justice *Yates*.

In 1805, the plaintiff sent the tools and machinery and materials with an overseer, to the state-prison, to employ the prisoners to work in making blocks, pursuant to an agreement made between the plaintiff and the inspectors of the prison. The defendant was one of the inspectors.

The articles were proved to be the property of the plaintiff.

*John Cooke*, a witness for the plaintiff, testified, that at the trial of a former suit brought by the plaintiff against *Peter H. Wendover*, the agent of the prison, to recover the same articles, the present defendant was a witness, and testified that the articles in question had been detained by his own personal order, and not as an act of the board of inspectors, and the plaintiff on that trial was nonsuited.

A demand was made of the articles at the prison, of the clerk, in the absence of the agent, and it was answered, that the articles were detained by order of the inspectors, on account of a debt due from the plaintiff.

*Wendover*, the agent, testified, that he understood from the defendant, that he had, as one of the inspectors, directed the clerk not to deliver the articles to the plaintiff when they were demanded; and that the goods were detained by order of the inspectors, and that the defendant gave the order as inspector; but no entry of such order appeared to have been made in the minutes of the board of inspectors. The witness said, that in regard to matters of minor importance, he observed the directions of a single inspector, but that, in regard to the delivery of the articles in question, he should not have obeyed the directions of a single inspector. The agreement between the plaintiff and the inspectors was verbal. The plaintiff was to furnish the raw materials, and allow 40 cents per day for the labour of each convict, for which a credit was to be given; and that when the articles were demanded, there was about 500 dollars due from the plaintiff to the prison.

A motion was made for a nonsuit, and the judge was of opinion, that the property came into the prison under a contract between the plaintiff and the inspectors, and that one inspector could not order it to be delivered; that the plaintiff ought to have sought his remedy on the contract, or against the proper parties. The plaintiff then offered to proceed for the tools and machinery detained; but the judge being of opinion that they also were within the contract, directed the plaintiff to be called, and he was nonsuited.

A motion was made to set aside the nonsuit, and for a new trial.

*Hopkins*, for the plaintiff. Here was no right of *lien* in this case on the part of the inspectors. *Liens* are allowed in regard to certain trades, or certain officers or agents, where the work is done not solely on the credit of the employer. General *liens* are for the convenience of trade, and, being founded on custom only, are taken

NEW-YORK,
Nov. 1810.

SHOTWELL
v.
FEW.

\* *Buller*, 45.
*Sayer*, 224.

strictly. Particular liens have been allowed, in regard to particular trades only, and are not to be extended. The courts in *England* have unwillingly extended the doctrine in one or two instances.

But where there is a special agreement there can be no right to retain.\* And, especially, where a *credit* is given there can be no *lien;* for it expressly excludes the idea that the party looks to the property as his security.

Where goods come into the hands of a person by contract, and are detained by wrong, trover will lie; and in tort or trespass, he who commands the tort or trespass to be committed is liable as the principal *tortfeasor.* Here the goods were detained by the authority and command of the defendant.

Admitting that the materials might be detained, the plaintiff has, unquestionably, a right to his tools and machinery. There can be no pretence on the part of the defendant for detaining them.

*Cowdry* and *Sandford*, contra. 1. The contract under which the plaintiff sent the articles to the state-prison, was made by the inspectors as a body, and not with the defendant. The goods were never in the private possession of the defendant, who, as an individual, had no control over them. The inspectors cannot be made liable in their individual capacity. The institution by the act of the 3d *April*, 1801, (24th sess. c. 121.) is placed under the management and control of the inspectors, who must be liable, in effect, as a corporation, for the acts of the board of inspectors. But by the 12th section of a subsequent act, passed 10th *April*, 1805, (28th sess. c. 135.) all contracts and dealings with the institution are to be transacted in the name of the agent, and by the name of agent of the state-prison, &c. he and his successors in office are made capable of suing and being sued, in

all matters and causes concerning the prison. This action, therefore, will not lie against the defendant.

2. But there is no evidence of a conversion by the defendant. No actual conversion is pretended. A constructive conversion arises from a demand and refusal. No demand was ever made of the defendant; nor was there any refusal on his part. The defendant had no legal right or authority to deliver the goods, unless there had been an order of the board of inspectors to that effect. If, then, he could not lawfully comply with a demand, his refusal would be lawful, and so no evidence of a conversion. A mere non-delivery of goods is not a conversion.* A demand must be made on the party or his authorized agent. *Wendover* was the agent of the institution, not of any single inspector. But the demand was never made of the agent, but only of the clerk of the agent. The plaintiff must prove that the goods came to the possession of the defendant; or, if delivered to his servant, that they came to his possession in the course of business.†

The proper remedy is on the contract. Where there is an omission to deliver, it not being in the power of the party to deliver, the action should be on the contract.‡

*Hopkins*, in reply. The plaintiff did bring his action against the agent, and, on the evidence of the present defendant, he was nonsuited. He could not sue the inspectors, for they are not responsible as a corporation; but if they were a corporation, they have done no corporate act to render them liable. Besides, the statute speaks only of contracts; it has no reference to *torts*. The institution, *quasi* a corporation, have committed no *tort.*

The only remedy, therefore, left to the plaintiff, was a suit against the defendant, by whose authority and

NEW-YORK,
Nov. 1810.

SHOTWELL
v.
FEW.

* 4 *Esp. Cases,* 157.

† 2 Ld. *Raym.* 92. *Bull. N: P.* 44.

‡ 5 *Burr.* 2825.

NEW-YORK,
Nov. 1810.

MERCER
v.
SAYRE.

command the goods were detained, and who is liable as a *tortfeasor*.

*Per Curiam.* The defendant exercised *authority* and dominion, in the detention of the goods; and the detention of them must be considered as his act. He clearly had no right to detain, or direct the clerk to detain, the tools and machinery; for they were not comprehended in the contract. The nonsuit ought, therefore, to be set aside, and a new trial granted. (*Bristol v. Burt.**)

* *Ante, 254.*

Motion granted.